# GIBSON LAW FIRM, PLLC

Sujata S. Gibson, Esq.
120 E Buffalo St., Suite 2
Ithaca, New York 14850

May 22, 2024

**VIA ECF**
Hon. Ramon E. Reyes, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**   *Hogan v. City of New York et al.*
             1:23-cv-08727 (RER) (PK)

Dear District Judge Reyes:

     I represent the Plaintiff in this matter and write in response to Defendants' pre-motion conference letter requesting to file a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Fed. R. Civ. P. ("FRCP").

     Plaintiff does not consent to the briefing schedule proposed by Defendants, which does not comport with the parties' discussions. Plaintiff would propose the following alternative schedule:

1) Motion to dismiss by June 29, 2024
2) Plaintiff's response (amendment or opposition filed) by August 29, 2024
3) Defendants' Reply filed by September 12, 2024

     Defendants had multiple extensions to respond to the complaint, which was filed on November 27, 2023. In February, I agreed to a 60-day extension to answer. In early April, counsel again asked for another 30-day extension, and acknowledged he planned to file a motion to dismiss. I indicated I would agree to another extension if he would agree that I can then have 60 days to respond to the motion. Defendants' counsel stated that he would not agree, as he thought it was premature to submit a briefing schedule before he'd filed his pre-motion letter but added: "I don't necessarily have a problem with giving you more time to respond once we get to that point. But I don't think we're there yet." Without revisiting this conversation, Defendants now present a proposed briefing schedule to the Court which gives them yet another lengthy extension and only gives me 30 days to respond. I need 60 days to respond, considering that Defendants will have had seven months to prepare their motion, and because I have a heavy calendar this summer and need more of a cushion to ensure I am able to properly address the issues presented.

     Plaintiff also objects to Defendants' motion to stay discovery pending resolution of the motion to dismiss. A party seeking to stay discovery pursuant to FRCP 26(c) "has the burden of showing that good cause exists for issuance of that order." *Gambale v. Deutsche Bank AG,* 377

F.3d 133,142 (2d Cir. 2004). Defendants failed to meet that burden and the motion to stay should be denied.

Litigants are not entitled to an automatic discovery stay pending determination of a motion to dismiss. *See, Telesca v. Long Island Hous. P'ship, Inc.,* No. 05 Civ. 5509, 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006) (collecting cases). A court determining whether to grant a stay of discovery pending a motion considers: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

The strength of the motion standard requires "substantial arguments for dismissal" establishing likelihood that the case could be dismissed based upon the merits of the motion. *Spencer Trask Software & Info. Servs. v. RPost Int'l,* 206 F.R.D. 367, 368 (S.D.N.Y.2002). Defendants bear this burden and "[d]iscovery should be stayed only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive…" *Sharma v. Open Door NY Home Care Servs., Inc.*, No. 24-CV-497, 2024 WL 1269069, at *3 (E.D.N.Y. Mar. 26, 2024) (citing cases).

Here, most of Defendants' arguments are based on factual disputes, so this case is not a good fit for a stay of discovery pending resolution of the motion. Moreover, Defendants have not met their burden of showing that their legal arguments are substantially likely to succeed. On the contrary, the Second Circuit Court of Appeals already held that Plaintiff's claims are likely to succeed. *Kane v. de Blasio*, 19 F.4th 152, 167-170 (2d Cir. 2021).

This case arises because the New York City Department of Education ("DOE") adopted a facially discriminatory religious accommodation policy, which on its face, preferenced Christian Scientists, and required whole categories of religious belief to be denied, including, for example, all Catholics, Jews, and employees who held religious beliefs not shared by their religious leaders. Ms. Hogan was a tenured math teacher, who had dedicated her career to the New York City public school system. She has sincerely held religious objections to the Covid-19 vaccine, timely applied under the discriminatory policy, and like most other applicants, was denied relief through an autogenerated denial, without any individualized review whatsoever.

Some of Plaintiff's colleagues brought a lawsuit challenging DOE's discriminatory religious accommodation policy. In November 2021, the Second Circuit Court of Appeals held that the policy that Ms. Hogan was denied under was not neutral or generally applicable and fell afoul of the most basic constitutional guarantees of the First Amendment. *Kane*, 19 F.4th at 167-170 (2d Cir. 2021) (quoting *Hernandez* v. *Commissioner*, 490 U.S. 680, 699 (1989)).

As the Court emphasized in *Kane*, even Defendants themselves admitted their policy was likely unconstitutional and begged to be given a chance to remediate the problem by providing "fresh consideration" to those denied through a new "Citywide Panel" that would assess claims under lawful standards and reinstate anyone with back pay who had been wrongly denied under the previous policy. Unfortunately, Defendants did not make good on this promise, and despite Ms. Hogan's diligent efforts to get this fresh review, she was not provided with any and instead was terminated in the Spring of 2022 for failure to get vaccinated. Ms. Hogan asserts that she

timely filed notice and a complaint with the EEOC, and timely filed this lawsuit within the 90 days from receiving her right to sue letter from the EEOC.

These facts set forth a prima facie case for relief for failure to accommodate and discrimination under Title VII, the New York State Human Rights Law, New York City Human Rights Law and additional claims under the Equal Protection and Religion clauses of the U.S. Constitution, among other claims.

Defendants' primary basis for seeking dismissal appears to be unsupported factual disputes, which cannot be resolved in Defendants' favor on a motion to dismiss. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016). For example, Defendants wildly speculate that Ms. Hogan could be lying when she says she filed the lawsuit within 90 days of receiving her right to sue letter (ECF Doc. 12 at 1-3), or when she details her attempts to get an appeal, since her screenshot of the request through the online system was taken before she hit "complete" and there is no proof she actually then hit that button. At this stage, factual disputes about whether Ms. Hogan timely filed, exhausted her remedies, or what date the termination became "final and binding" for purposes of the commencement of statutes of limitations, must be resolved in favor of Ms. Hogan along with all favorable inferences. Rather than support a motion for a stay, these arguments show that a stay is improper, as Defendants seem to be asserting that they are in need of discovery to resolve these issues.

Nor have Defendants shown they are likely to succeed. It really does not matter, for example, if the vaccine mandate was a "lawful condition of employment" (which, incidentally, Defendants are estopped from arguing, given that the New York State Supreme Court recently held that the Commissioner lacked authority to impose it. *See, Garvey v. City of New York*, 77 Misc. 3d 585, 598 (N.Y. Sup. Ct. 2022). This case is about the religious accommodation policies, not about the validity of the mandate itself. Moreover, Defendants grossly misstate the law by claiming that Plaintiff cannot bring statutory and constitutional claims but is only authorized to bring employment discrimination claims under New York's special proceeding pursuant to CPLR § 7804. Many of Ms. Hogan's claims and requests for relief could not even be brought through a special proceeding, and it is well settled law that "it is the petitioner's choice whether to bring an Article 78 proceeding – with the attendant summary procedures, deferential review of agency action, and limited menu of relief – or a plenary action." *Whitfield v. City of New York,* 96 F.4th 504, 528-29 (2d Cir. 2024). In fact, courts often entertain both, as addressed more fully in *Whitmore. Id.* (Holding that prior article 78 proceeding did not preclude later plenary actions for employment discrimination under other causes of action).

Plaintiff would suffer prejudice if discovery is stayed pending resolution of the motion. Plaintiff has been in contact with two other attorneys with substantially similar Title VII and other claims against the City that survived motions to dismiss and, given the common issues surrounding the discrimination claims in particular, it would make sense for the parties to attempt to coordinate some of the discovery rather than waste resources and time deposing the same parties over and over. If Plaintiff's discovery is stayed, she cannot participate in such requests.

Respectfully submitted,

/s/ Sujata Gibson

Sujata S. Gibson
120 E Buffalo Street, Suite 201
Ithaca, NY 14850
(607) 327-4125
sujata@gibsonfirm.law

CC: All Counsel of Record (Via ECF)