# THE GIBSON LAW FIRM, PLLC

Sujata S. Gibson, Esq.
120 E Buffalo Street, Suite 2
Ithaca, New York 14850

June 18, 2024

**VIA ECF**
Hon. Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Hogan v. City of New York, et al.*
             23-cv-8727 (RER) (PK)

Dear Judge Kuo,

    I represent the Plaintiff in this matter and write in opposition to Defendants' request for a discovery stay [Doc. No. 15].

    As I informed Defendants' counsel earlier today, Plaintiff has no objection to a brief adjournment pending resolution of this motion to stay (which was granted by the Court as I was drafting this opposition). However, Plaintiff strongly opposes Defendants' request to stay discovery until a decision on their anticipated motion to dismiss. Pursuant to FRCP 26(c), a party seeking a stay "has the burden of showing good cause exists for the issuance of that order." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004). Defendants have failed to meet this burden, and granting such a lengthy stay would unduly prejudice Plaintiff.

    Litigants are not entitled to an automatic discovery stay pending determination of a motion to dismiss. See *Telesca v. Long Island Hous. P'ship, Inc.*, No. 05 Civ. 5509, 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006) (collecting cases). In deciding whether to grant a stay of discovery pending resolution of a motion to dismiss, courts consider: (1) the breadth of discovery sought; (2) any resulting prejudice; and (3) the strength of the motion. *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Defendants bear the burden of demonstrating substantial arguments for dismissal. Defendants fail to meet that burden.

    Defendants argue that Plaintiff should have pursued her claims through an Article 78 proceeding in New York state court. This argument is legally flawed and contrary to established federal and state law. The Civil Rights Act explicitly provides Plaintiffs the option to bring Title VII claims in federal court, bypassing state proceedings. And Article 78 claims are inadequate to address the broad statutory and constitutional issues raised in this case. As recently affirmed by the Second Circuit in *Whitfield v. City of New York*, 96 F.4th 504, 528-29 (2d Cir. 2024), "it is petitioner's choice whether to bring an Article 78 proceeding – with the attendant summary

procedures, deferential review of agency action, and limited menu of relief – or a plenary action." *Id.* at 528-29. Here, Plaintiff chooses a plenary action. The argument that Plaintiff's claims are precluded by the availability of an Article 78 proceeding disregards both federal and state law and the practical necessity of pursuing comprehensive relief under Title VII and related statutes.

Additionally, Defendants assert that Plaintiff failed to file a notice of claim and exhaust administrative remedies, despite the opposite being explicitly stated in the Complaint [ECF No. 1]. Factual disputes such as these cannot be resolved in favor of the movant on a motion to dismiss. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016). Indeed, the existence of these disputes compels this Court to deny Defendants' motion to stay discovery. As articulated in *Sharma v. Open Door NY Home Care Servs., Inc.*, No. 24-CV-497, 2024 WL 1269069, at *3 (E.D.N.Y. Mar. 26, 2024), discovery should only be stayed when factual issues are absent and the legal issues are potentially dispositive.

Furthermore, Defendants' conclusory and unexplained contention that Plaintiff's allegations fail to support her constitutional and religious discrimination claims is contradicted by recent Second Circuit precedent. In *Kane v. de Blasio*, 19 F.4th 152 (2d Cir. 2021), the Second Circuit found that Plaintiff's colleagues, who were denied religious accommodation pursuant to the same unlawful religious accommodation policies as Plaintiff, were likely to succeed on their First Amendment Claims. In *Kane,* the Court held that the DOE's religious accommodation policy was not neutral or generally applicable, and therefore triggered strict scrutiny. *Kane,* 19 F.4th at 167-170. Indeed, *on its face* the policy favored certain religions over others and was so blatantly violative of the most basic commands of the First Amendment (and related religious discrimination statutes) that *even Defendants own counsel* admitted in oral arguments that the policy was "constitutionally suspect."  The Second Circuit referenced this admission and held, "We confirm the City's 'susp[icion]' that the [DOE's religious accommodation policy] likely violated the First Amendment…" *Id.* at 167.

As a direct consequence of the Kane decision, the City committed to reassessing and reinstating with back pay employees who were denied accommodation under the unlawful standards. However, Defendants failed to fulfill this commitment for numerous affected individuals, including Plaintiff, who diligently pursued resolution without success. This context underscores that Plaintiff's claims are not only substantiated but also likely to prevail as a matter of law. Courts have consistently held that where policies expressly discriminate based on protected characteristics, as alleged here, summary judgment against the employer is appropriate. See *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985).

Plaintiff also opposes the request to stay discovery until resolution of Defendants' anticipated motion because it would cause undue prejudice. Other Title VII cases against the City and DOE, involving similarly situated plaintiffs (several of which already progressed past motions to dismiss) are now in the discovery phase. Coordination of discovery efforts among these cases is crucial due to shared facts and limited resources. Granting a lengthy stay of Plaintiff's discovery

pending resolution of Defendants' motion would likely prevent her from participating in coordinated discovery efforts with these other cases, undermining efficiency and potentially duplicating efforts already underway.

      In sum, Plaintiff respectfully urges the Court to deny Defendants' motion for a stay of discovery until the resolution of their anticipated motion to dismiss. Such a stay would unfairly disadvantage Plaintiff and hinder the efficient administration of justice in related cases. It is also unwarranted.

      Respectfully submitted,

      /s/ *Sujata S. Gibson*

      Sujata Gibson, Esq.

CC:    All counsel via ECF